

Boston  Brussels  Chicago  Dallas  Düsseldorf  Frankfurt  Houston  London  Los Angeles  Miami
Milan  Munich  New York  Orange County  Paris  Rome  Seoul  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Darren Azman
Associate
dazman@mwe.com
+1 212 547 5615

March 9, 2016

VIA ECF

The Honorable Valerie E. Caproni
U.S. District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re:   *Bonny Gas Transport Ltd. v. O.W. Bunker Germany GmbH*, 14-cv-9542
   *Hapag-Lloyd AG v. U.S. Oil Trading LLC*, 14-cv-9949
   *Hapag-Lloyd AG v. O'Rourke Marine Services L.P.*, 14-cv-10027
   *Hapag-Lloyd AG v. O.W. Bunker North America, Inc.*, 15-cv-190

Dear Judge Caproni:

We represent O.W. Bunker Germany GmbH ("OW Germany"), together with our co-counsel Hill Rivkins LLP, in the above-referenced actions.

At the hearing before Your Honor on March 3, 2016, various parties, including NuStar Terminals Marine Services N.V. ("NuStar"), stated their respective positions on the pending motion to confirm the standing order of reference, which was filed by OW Germany on January 25, 2016.  Attached hereto as **Exhibit A** are excerpts from the hearing in rough draft format.

Your Honor specifically noted at the hearing that all of the parties, including NuStar, agreed that reference to the bankruptcy court pursuant to the standing order of reference was appropriate.

> 24    It strikes me that there is not a dispute that the
>
> 25    motion to confirm the reference, under local rule, should be
>
> 1     granted and the dispute is over whether I should promptly
>
> 2     withdraw the reference, either in whole or in part.

U.S. practice conducted through McDermott Will & Emery LLP.

**340 Madison Avenue  New York  New York 10173-1922  Telephone: +1 212 547 5400  Facsimile: +1 212 547 5444  www.mwe.com**

The Honorable Valerie E. Caproni
**March 9, 2016**
Page 2

Almost immediately thereafter, NuStar's counsel confirmed Your Honor's assessment on behalf of NuStar.

> 19   THE COURT: Do you agree with my statement of where we
>
> 20   are?
>
> 21   MR. BELKNAP: Yes. The only slight refinement I would
>
> 22   make, I don't think an order confirming the reference is
>
> 23   necessary because the standing order of this court refers the
>
> 24   matter to the bankruptcy court. So really the only thing that
>
> 25   has to be ruled on is the motion to withdraw the reference

Yet, on March 8, 2016, NuStar filed a pleading in the Bankruptcy Court, attached hereto as Exhibit B, stating:

> 4.   Simply put, NuStar argued that the District Court should decline to refer the Bonny Proceeding to the Bankruptcy Court . . . .
>
> . . .
>
> 6.   While the requirement that a filing of the Notice of Cross-Motion be made in this Court before the proceeding has even been referred is not at all clear, NuStar nonetheless hereby files this statement . . . .

Noticeably absent from NuStar's pleading is the fact that NuStar explicitly acknowledged at the hearing before Your Honor that reference to the Bankruptcy Court was not only appropriate, but has already occurred, thereby negating the need for OW Germany to file a motion to confirm the reference. In other words, NuStar's statements to the Bankruptcy Court are misleading.

As a result of NuStar's pleading, the Bankruptcy Court, pursuant to its standard procedures, delivered NuStar's pleading to the District Court, and thereafter the District Court opened a new action (16-cv-01765).

OW Germany reiterates its position that NuStar's (and other parties') motion to withdraw the reference is procedurally improper insofar as this Court has not yet entered an order confirming reference of the above-referenced actions to the Bankruptcy Court. Given the acknowledgment by all relevant parties at the March 3, 2016 status hearing that reference is appropriate, OW

The Honorable Valerie E. Caproni
**March 9, 2016**
Page 3

Germany respectfully requests that Your Honor enter an order: (a) confirming that the above-captioned actions have been referred to the Bankruptcy Court pursuant to the amended standing order of reference; and (b) directing the clerk of the Bankruptcy Court to open a new adversary proceeding for each of the above-referenced actions. Without such relief, which is mandated by the amended standing order of reference, the above-referenced actions are not technically before the Bankruptcy Court, and thus cannot be the subject of a motion to withdraw the reference.

Respectfully submitted,

*/s/ Darren Azman*

Darren Azman